**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Petitioner-Appellee,

v.                                                        No. 95-7399

JOHN ISRAEL IRIZARRI,
Respondent-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CA-95-340-5-F)

Submitted: July 31, 1996

Decided: August 29, 1996

Before HALL and ERVIN, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North
Carolina, for Appellant. Janice McKenzie Cole, United States Attor-
ney, Barbara D. Kocher, Assistant United States Attorney, Raleigh,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Israel Irizarri was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246 (1988). A person may be committed under § 4246 only if the district court finds by clear and convincing evidence that he suffers from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of others. We review the district court's determination for clear error. United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992).

On appeal, Irizarri argues that the government failed to prove by clear and convincing evidence that his release would pose a substantial danger to others or that any danger presented by him is a direct result of his mental illness. A hearing was held on May 11, 1995, before a magistrate judge, at which time Irizarri's treating physician testified and Irizarri presented, on his own behalf, an evaluation from Dr. Billy W. Royal, a court-appointed psychiatrist. The medical evidence was unanimous in opining that Irizarri suffers from a mental disease or defect. As to dangerousness, Irizarri's treating physician opined that Irizarri would pose a substantial risk of harm to another person or property if released. Such reasoning was based on the presence of psychiatric delusions, Irizarri's belief that many people want to harm him, thus creating many potential victims, Irizarri's history of aggression and substance abuse, the fact that no one is willing to take care of Irizarri after his release which would leave him without supervision, and Irizarri's statements that he will not be treated once he is released. These factors combined present a substantial risk of serious injury to others.

Irizarri also argues that the district court's failure to consider his request for new counsel is grounds for relief. Review of the record shows that Irizarri filed a motion to reopen the § 4246 hearing to give

2

him the opportunity to present additional evidence with a different attorney. The district court denied the motion. (J.A. 70). Thus, this claim is without merit.

Irizarri also filed a pro se supplemental brief beyond the deadline set by this Court. In his supplemental brief Irizarri argues that he was denied legal representation at the § 4246 hearing because the court did not appoint him new counsel so that he could present his evidence at a later date. Furthermore, Irizarri has not offered any new and relevant evidence not already considered at the hearing to justify a reopening of the hearing. We find no reversible error in the district court's decision not to reopen the hearing. Accordingly, we conclude that the district court's decision to commit Irizarri was not clearly erroneous and affirm the order of commitment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3